[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13278
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00470-HES-JRK

ANTONIO DAMARCUS WOODSON,

Plaintiff-Appellant,

versus

BRAD WHITEHEAD,
Assistant Warden,
WARDEN,
MICHAEL A. HONOUR,
JOHN R. MCSPADDEN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 20, 2016)

Before TJOFLAT, HULL and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Antonio Woodson, a state prisoner proceeding *pro se*, appeals the dismissal of his civil rights action under 42 U.S.C. § 1983 against four employees of the Florida State Prison ("FSP")—Captain Michael A. Honour, Lieutenant John R. McSpadden, Warden John Palmer, and Assistant Warden Brad Whitehead—alleging Eighth and Fourteenth Amendment violations as frivolous under 28 U.S.C. § 1915A(b)(1).  On appeal, Woodson argues that the district court erred in dismissing his complaint for Eighth and Fourteenth Amendment violations because the factual allegations made in the complaint had arguable merit.

We review a district court's *sua sponte* dismissal of a complaint as frivolous under 28 U.S.C. § 1915A(b)(1) for an abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A court abuses its discretion by making a clear error of judgment or by applying an incorrect legal standard.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

I.

To determine whether confinement conditions violate the Eighth Amendment, we conduct a two-part analysis.  *Chandler v. Crosby*, 379 F.3d 1278, 1289–90 (11th Cir. 2004).  First, under the objective component, a prisoner must show the confinement conditions are sufficiently serious to violate the Eighth Amendment.  *Id.* at 1289.  Second, under the subjective component, a prisoner must show prison officials acted with "deliberate indifference" to the serious

2

conditions. *Id.* at 1289–90. The plaintiff must satisfy the objective component by showing the challenged conditions are extreme and "'pose[] an unreasonable risk of serious damage to his future health' or safety." *Id.* at 1289. In determining the seriousness of confinement conditions, we assess the severity and duration of the conditions. *Id.* at 1295. The plaintiff must satisfy the subjective deliberate indifference component by showing that prison officials knew of and disregarded an excessive risk of harm to the prisoner. *Id.* at 1289–90 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Prison officials must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 1290.

Woodson's complaint fails to allege facts to satisfy either the objective "substantial risk of serious harm" component or the subjective "deliberate indifference" component for showing an Eighth Amendment violation. Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm. *See id.* at 1289, 1297–98. Additionally, the fact that Warden Palmer saw the conditions in which Woodson was held during his disciplinary confinement is not enough to show that any of the defendants believed Woodson's health or safety to be at risk. Woodson failed to show that any of the defendants had subjective knowledge of a

3

substantial risk of serious harm to Woodson. *Id.* at 1289–90. Thus, the district court did not err in dismissing Woodson's complaint as frivolous as to his Eighth Amendment claim.

## II.

We recognize two situations in which a prisoner is deprived of his liberty such that due process is required. *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999). First, a prisoner is entitled to due process when a change in his condition of confinement "is so severe that it essentially exceeds the sentence imposed by the court." *Id.* at 1291. Second, a prisoner has a liberty interest where the state has consistently provided a benefit to a prisoner and deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quotation omitted); *see also Sandin v. Conner*, 515 U.S. 472, 484–86 (1995). The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *modified on other grounds by Sandin*, 515 U.S. at 482–84; *Sandin*, 515 U.S. at 484–87. Nor does it create a liberty interest in the "mandatory" language of prison rules and regulations. *Sandin*, 515 U.S. at 482–84.

Woodson's complaint fails to allege sufficient facts to show a Fourteenth Amendment violation. Woodson's placement in the more restrictive disciplinary

confinement at FSP is not the kind of change in condition that exceeds the sentence already imposed or that imposes an atypical or significant hardship on a plaintiff. *See Kirby*, 195 F.3d at 1291; *Sandin*, 515 U.S. at 482–86.  FSP's rules and regulations on disciplinary confinement also did not implicate a protected liberty interest under the Due Process Clause.  *See Sandin*, 515 U.S. at 482–84.  Based on the facts as alleged, Woodson failed to show a constitutional violation, and so, the district court did not err in dismissing Woodson's complaint as frivolous as to his Fourteenth Amendment claim.

Accordingly, upon review of the record and the parties' briefs, we affirm the district court's *sua sponte* dismissal of Woodson's complaint as frivolous under 28 U.S.C. § 1915A(b)(1).

**AFFIRMED.**